T.C. Summary Opinion 2007-98

UNITED STATES TAX COURT

ROBERT F. DILLON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17382-05S.                    Filed June 18, 2007.

Robert F. Dillon, pro se.

<u>Thomas Yang</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.  Unless otherwise indicated, subsequent
section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the year 2003 in the amount of $2,497. The sole issue for decision is whether petitioner is entitled to an alimony deduction in the amount of $9,000 for the taxable year in issue.

Background

The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in River Forest, Illinois.

Petitioner and his former spouse, Ann Dillon (Ms. Dillon), were married on September 4, 1971, in Cook County, Illinois. Six children were born of the marriage. On August 31, 1999, a Judgment of Dissolution of Marriage (Judgment) was entered in the Circuit Court of Cook County, Illinois, Domestic Relations Division (circuit court). At the time that the Judgment was entered, two of the six children, A.D. and B.D.[1], were minors. Sole care, custody, and control of the minor children remained with Ms. Dillon.

In paragraph D of the Judgment, the circuit court ordered petitioner to make monthly payments in the amount of $1,500 described as "unallocated support and maintenance." Paragraph D

---

[1] The Court uses the initials of the minor children.

also states that the amount of payment will be reviewable upon the emancipation of A.D., the first of the two minor children to reach the age of 18. The Judgment is silent otherwise as to the parties' intent that the payment or any part thereof, be deductible as alimony by petitioner and includable as gross income to Ms. Dillon. The Judgment itself is also silent as to whether petitioner's obligation to make the monthly payments would survive petitioner's death.

A.D. turned 18 sometime during the year at issue. The record is silent as to whether, at that time, the amount of the monthly payments being paid by petitioner was reviewed by the circuit court.

Petitioner has been employed as a school teacher by Consolidated High School in Orland Park, Illinois, for the past 15 years. In accordance with the terms of an Order made pursuant to the Judgment, petitioner's monthly payments to Ms. Dillon were deducted from his paychecks. At trial, the Court received into evidence three paycheck stubs dated August 31, September 15, and December 15, 2005. Each of these stubs shows a wage assignment deduction of $755. Petitioner did not have with him at the trial any of the stubs from the year in issue, however, he claimed that given the opportunity, he could and would produce the stubs for 2002. At the close of the trial, the Court ordered that the record in this case would remain open for 30 days in order for

petitioner to submit either paycheck stubs or a yearend summary of payments from 2003.  Within that time period, the Court received into evidence a yearend statement from petitioner's employer showing total deductions from pay for 2003 of $20,742.

## Discussion

The Commissioner's determinations are presumed correct, and taxpayers generally bear the burden of proving otherwise.  Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner did not argue that section 7491 is applicable in this case, nor did he establish that the burden of proof should shift to respondent.  Moreover, the issue involved in this case, alimony, is a legal one and will be decided on the record without regard to the burden of proof.   Petitioner, however, bears the burden of proving that respondent's determination in the notice of deficiency is erroneous.  See Rule 142(a); Welch v. Helvering, supra at 115.

An individual may deduct from his or her gross income the payments he or she made during a taxable year for alimony or separate maintenance.  Sec. 215(a).

Section 71(b)(1) defines "alimony or separate maintenance payment" as any payment in cash if:

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The test under section 71(b)(1) is conjunctive; a payment is deductible as alimony only if all four requirements of section 71(b)(1) are present. See Jaffe v. Commissioner, T.C. Memo. 1999-196. Moreover, section 71(c) provides, in pertinent part, for no deduction of any payment which is payable "for the support of children of the payor spouse."

In this case, the monthly payments prescribed under the Judgment fail to comport with section 71. First, there is no provision in the Judgment, in accordance with section 71(b)(1)(B), indicating whether the parties intended either the whole or part of the "unallocated support and maintenance payments" to be included in income by Ms. Dillon and deducted by petitioner. Second, there is no provision in the Judgment imparting liability to petitioner to make payment for any period after Ms. Dillon's death in accordance with section 71(b)(1)(D).

Finally, because the monthly payment prescribed in the Judgment is for "unallocated maintenance and support" we cannot determine what portion of the payment is intended for alimony and what portion is intended for child support. We assume that because the amount is made reviewable upon the occasions when each of the minor children turns 18 that some, if not all, of the payment is intended as child support. In the latter case, if all of the payment was intended as child support, then petitioner would not be entitled to any deduction pursuant to section 71(c).

In this case, petitioner did not change, nor did the circuit court revisit, the amount of the monthly payment when A.D. reached the age of 18 in 2002. Petitioner, rather, decided that instead of reducing the amount of the payment, or petitioning the court to reduce the amount of the payment, that he would "allow his ex-wife to keep the extra $9,000 and pay the taxes on it," thus allowing him to accordingly deduct $9,000 from his gross income in that year. Petitioner's decision and reasoning for his action, however, do not comport with the requirements of section 71(b)(1), as this "payment" so designated by petitioner is not pursuant to a divorce decree or instrument as required by section 71(b)(1)(A).

Accordingly, and based on the foregoing facts and discussion, we hold that petitioner is not entitled to an alimony deduction under section 71 for taxable year 2002.

<u>Decision will be entered for respondent</u>.